# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Steven Maurice Lane,                                          Civ. No. 09-864 (RHK/JJK)

        Petitioner,

   v.                                                    **REPORT AND
RECOMMENDATION**

Dwight Fondren,
Warden (FCI Sandstone),

        Respondent.

This matter is before the undersigned United States Magistrate Judge on

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.  The case has

been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636

and Local Rule 72.1.  For the reasons discussed below, it is recommended that the

petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The

Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.    BACKGROUND

In 1997, Petitioner pled guilty to a federal drug law violation in a criminal case

brought against him in the United States District Court for the Eastern District of North

Carolina.  He was sentenced to 180 months in federal prison, and he is currently

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); <u>Mickelson v. United States</u>, Civil No. 01-1750 (JRT/SRN), 2002 WL 31045849, at *2 (D. Minn. 2002); <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); <u>Rothstein v. Pavlick</u>, No. 90 C 5558, 1990 WL 171789 at *3 (N.D. Ill. 1990).

serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

Petitioner is not presently challenging the validity of his conviction or sentence. Instead, he is claiming that the federal Bureau of Prisons, ("BOP"), is unlawfully extending the term of his imprisonment, by declaring him ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B).  Petitioner apparently believes that because he was convicted of a "nonviolent offense," he is automatically eligible for a sentence reduction under § 3621(e)(2)(B), if he completes a BOP drug treatment program. However, the BOP has declared Petitioner ineligible for a sentence reduction under § 3621(e)(2)(B), because his crime involved a weapon, which caused him to receive an enhanced prison sentence.

According to Petitioner, the fact that his sentence was enhanced based on the involvement of a weapon "cannot preclude his eligibility" for a sentence reduction under § 3621(e)(2)(B), and the BOP "policy statement" that caused him to be declared ineligible for a sentence reduction "is contrary to the statute."  (Doc. No. 1, Petition at § 16.)  This argument, however, has been squarely rejected by the United States Supreme Court, (as well as the Eighth Circuit Court of Appeals).  The Court will therefore recommend that this action be summarily dismissed.

## II.    DISCUSSION

18 U.S.C. § 3621(e)(2)(B) authorizes the BOP to reduce the prison sentences of certain federal prisoners who successfully complete a BOP sponsored drug rehabilitation program.  The statute states that –

> "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more

2

than one year from the term the prisoner must otherwise serve."

Three important elements of § 3621(e)(2)(B) are readily apparent.  First, only inmates who have been "convicted of a nonviolent offense" are potentially eligible for a reduced sentence upon successful completion of an approved drug treatment program. Second, a prisoner's sentence can never be reduced by more than one year.  And third, the BOP is given the discretion to decide which statutorily eligible prisoners should actually be granted a sentence reduction.  The statute's "may be reduced" language means that even if a prisoner has been convicted of a nonviolent offense, and he has successfully completed a drug treatment program, the BOP still does not necessarily have to reduce his sentence.  As explained by the Supreme Court, "[w]hen an eligible prisoner successfully completes drug treatment, the [BOP] . . . has the authority, but not the duty, . . . to reduce his term of imprisonment."  Lopez v. Davis, 531 U.S. 230, 241 (2001).

The BOP has used its discretionary authority under § 3621(e)(2)(B) to designate certain categories of inmates that will never be granted sentence reductions, even if they have been convicted of a nonviolent offense, and even if they successfully complete a drug treatment program.  Those categories are described at 28 C.F.R. § 550.58(a)(1).  The introductory clause of 28 C.F.R. § 550.58(a)(1) states that "[a]s an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release . . . ."

One group of prisoners that is categorically excluded from earning a reduced sentence under § 3621(e)(2)(B) is defined as follows:

"Inmates whose current offense is a felony: . . . (B) That involved the

3

carrying, possession, or use of a firearm or other dangerous weapon . . . ."

28 C.F.R. § 550.58(a)(1)(vi)(B).

The BOP obviously has determined that Petitioner falls within the category described at § 550.58(a)(1)(vi)(B), because of the weapon enhancement that affected his current sentence.  In other words, even though Petitioner may be <u>statutorily</u> eligible for a reduced sentence, the BOP has declared him to be categorically ineligible for a reduced sentence, pursuant to 28 C.F.R. § 550.58(a)(1)(vi)(B).  Thus, even if Petitioner were to successfully complete a BOP drug rehabilitation program, he still would not be granted any sentence reduction pursuant to § 3621(e)(2)(B), because of his weapon-enhanced sentence.

Petitioner now claims that the BOP cannot declare him ineligible for a § 3621(e)(2)(B) sentence reduction, based solely on his two point weapon enhancement.  He seems to believe that every prisoner who is convicted of a nonviolent offense is automatically eligible for a reduced sentence under § 3621(e)(2)(B).  According to Petitioner, the BOP's reliance on the weapon enhancement to declare him ineligible for a reduced sentence is "contrary to the statute."  (Petition at § 16.)  This argument is clearly unsustainable.

As noted above, § 3621(e)(2)(B) does not guarantee any sentence reduction to any prisoner.  The statute gives the BOP broad discretion to determine which statutorily eligible prisoners – *i.e.*, which prisoners who have been convicted of a nonviolent offense, and have successfully completed a prescribed drug treatment program – should actually be given a reduced sentence.

During the 1990s, a number of federal courts concluded that federal prisoners

were not <u>statutorily</u> ineligible for a § 3621(e)(2)(B) sentence reduction simply because

they had received a weapon enhancement at sentencing.  <u>See</u> <u>e.g.</u>, <u>Martin v. Gerlinski</u>,

133 F.3d 1076 (8th Cir. 1998) (BOP erroneously concluded that all prisoners who have

sustained a firearms enhancement have been convicted of a "crime of violence" that

makes them statutorily ineligible for a reduced sentence under § 3621(e)(2)(B)).  The

courts have consistently confirmed, however, that § 3621(e)(2)(B) gives the BOP the

<u>discretionary authority</u> to bar any prisoner from getting a sentence reduction under

§ 3621(e)(2)(B), <u>even if a sentence reduction would be permissible under the statute</u>.

<u>See</u> <u>Bellis v. Davis</u>, 186 F.3d 1092, 1094 (8th Cir. 1999) (§ 3621(e)(2)(B) "vests broad

discretion in the BOP to determine which individuals, among the group of statutorily

eligible inmates convicted of nonviolent offenses, are appropriate candidates for early

release;" the language of the statute "is discretionary and does not mandate that the

BOP grant a sentence reduction to any particular inmate or class of inmates"), <u>aff'd</u> <u>sub</u>

<u>nom</u>, <u>Lopez v. Davis</u>, <u>supra</u>; <u>see</u> <u>also</u> <u>Grove v. Federal Bureau of Prisons</u>, 245 F.3d

743, 747 (8th Cir. 2001) ("under the plain language of § 3621(e)(2)(B), statutory eligibility

by reason of the commission of a nonviolent offense . . . is not an entitlement to any

early release").

       In October 1997, the BOP issued an amended regulation, which stated, in effect,

that even though prisoners with weapon enhancements are not <u>statutorily</u> ineligible for a

reduced sentence, all such prisoners will nevertheless be denied a reduced sentence,

by exercise of the BOP's discretion under the statute.  This regulation, set forth at 28

C.F.R. § 550.58(a)(1)(vi)(B), makes Petitioner ineligible for a reduced sentence under

§ 3621(e)(2)(B).  Even though Petitioner may meet the minimum <u>statutory</u> eligibility

requirement for a reduced sentence, (because he was convicted of a nonviolent

offense), he is nevertheless ineligible for reduced sentence, because the BOP has

determined, as an exercise of the BOP's discretionary authority, that prisoners whose

crimes involved weapons will be categorically excluded from receiving reduced

sentences under § 3621(e)(2)(B).

The BOP's categorical use of its discretion under § 3621(e)(2)(B) was expressly

approved by the United States Supreme Court in Lopez v. Davis, supra.  There, the

Court held that prisoners can be categorically excluded from a § 3621(e)(2)(B) sentence

reduction, even if they are presently incarcerated only for a nonviolent offense.  While

recognizing that the statute itself excludes only prisoners who have been convicted of

violent offenses, the Court held that the discretionary authority provided by §

3621(e)(2)(B) permits the BOP to categorically exclude other prisoners from earning a

reduced sentence.  Id. at 240-44.

The Eighth Circuit followed and applied Lopez in a case that is indistinguishable

from the present case.  In Grove v. Federal Bureau of Prisons, supra, a federal prisoner

convicted of a nonviolent offense was declared categorically ineligible for a sentence

reduction under § 3621(e)(2)(B), because he had received a weapon-enhanced

sentence.  Citing Lopez, the Eighth Circuit found that although the petitioner "was

convicted of a nonviolent felony, which would make him statutorily eligible for a potential

early release, [he] was ultimately disqualified by the director's broad discretion to

consider his sentencing enhancement for possessing a firearm in relation to his drug

offense." 245 F.3d at 746.[2]

Based on <u>Lopez</u> and <u>Grove</u>, this Court finds that it was entirely lawful and appropriate for the BOP to bar the current Petitioner from receiving a § 3621(e)(2)(B) sentence reduction, based on his weapon enhancement – even though Petitioner may meet the minimum statutory eligibility requirement of being a nonviolent offender.  Thus, the Court concludes that Petitioner is not entitled to a writ of habeas corpus based on the claim presented in his current petition, and this action should be summarily dismissed pursuant to Rule 4 of the Governing Rules.

## III.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Doc. No. 1), be **DENIED**; and

2.  This action be **SUMMARILY DISMISSED WITH PREJUDICE**.


Dated: April 16, 2009


      *s/Jeffrey J. Keyes*
      JEFFREY J. KEYES
      United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 30, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a

---

[2] <u>See</u> <u>also</u> <u>Gibson v. Walton</u>, Civil No. 05-2600 (JNE/JSM), 2006 WL 1428274 (D. Minn. 2006).

forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.